

| | |
|---|---:|
| | 1325 Avenue of the Americas, 19th Floor |
| | New York, NY 10019-6079 |
| | 212-752-8000   212-752-8393  fax |
| | — |
| | New Jersey |
| | — |
| Leo V. Leyva | Delaware |
| Admitted in NJ and NY | — |
| | Maryland |
| Reply to New York Office | — |
| Writer's Direct Line: 201-525-6294 | Texas |
| Writer's Direct Fax: 201-678-6294 | |
| Writer's E-Mail: lleyva@coleschotz.com | |

March 23, 2016

**Via ECF and E-mail**

The Honorable Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

      Re:    **173 Cortlandt Street LLC (Case No. 16-22256); 146-148 Cortlandt Street, LLC (Case No. 16-22255), Dari Realty Corp. (Case No. 16-22250); Biombo, Inc. (Case No. 16-22248); 144 Cortlandt Street, LLC (Case No. 16-22254); Shippy Realty Corporation (Case No. 16-22249); Dashley Corp. (Case No. 16-22253)**

Dear Judge Drain:

      This firm is counsel to 100 Mile Fund, LLC ("100 Mile") in connection with the above-referenced jointly administered cases.  An evidentiary hearing is scheduled for **March 31, 2016**, in connection with 100 Mile's motion to: (1) dismiss this case pursuant to 11 U.S.C. 1112(b), or alternatively, granting stay relief pursuant to 11 U.S.C. 363(d), or (2) appoint a Chapter 11 Trustee pursuant to 11 U.S.C. 1104(a), (3) enforce 100 Mile Fund's absolute assignment of leases and rents, and (4) require Debtors[1] to provide an accounting (the "Motion").  We submit this letter to request a telephonic conference with the Court in accordance with Your Honor's Chambers' Rules to address the Debtors' stated intent not to respond to 100 Mile's document requests or appear for their noticed depositions, all of which were noticed to take place before the March 31, 2016 hearing.

      This case is a classic two-party dispute.  100 Mile provided Debtors with a $9.5 million loan (the "Loan") in August 2015 to facilitate Debtors' exit from Chapter 11.  100 Mile is the only secured creditor.  Debtors, on the other hand, are each single asset entities that generate rental revenue from certain real properties.  That rental income is the Debtors' sole source of revenue. Debtors are owned entirely by Cirilo Rodriguez, who is the guarantor of the Loan, and who filed his own Chapter 11 Petition on March 18, 2016 (Case No. 16-223488 (RDD)).

---

[1] "Debtors" include: Biombo, Inc., 173 Cortlandt St. LLC, 144 Cortlandt St. LLC, 146-148 Cortlandt Street, LLC, Shippy Realty Corporation, Dari Realty Corp., and Dashley Corp.

www.coleschotz.com

47702/0046-12938044v1
March 23, 2016

Cole Schotz P.C.

The Honorable Robert D. Drain, U.S.B.J.
March 23, 2016
Page 2

     100 Mile's Motion is necessitated by virtue of Debtors' bad faith filing of these cases, which it is believed were commenced in an effort to misappropriate the rents generated by the Debtors' properties, all of which belongs to 100 Mile pursuant to an absolute Assignment of Leases and Rents. As confirmed by Debtors' Rule 1007-2 Declarations, the rent roll on the properties is nearly $110,000 per month, which 100 Mile believes is collected by Mr. Rodriguez in cash. Despite this, Debtors failed to pay their January and February debt service obligation and have apparently stopped paying real estate taxes. Making matters worse, and despite repeated demands, Debtors have failed and refused to account for the cash generated from the properties.

     On March 10, 2016, in preparation for the evidentiary hearing, 100 Mile served a Request for Production of Documents to Debtors, returnable March 24, 2016. 100 Mile also noticed the depositions of Debtors' corporate representatives for March 28, 2016. Debtors' counsel did not respond to the service of those discovery demands.

     A week later, on March 17, 2016, we wrote to Debtors' counsel to confirm that the Debtors would be producing all documents responsive to 100 Mile's Request for the Production of Documents on or before March 24, 2016, as noticed, and that Mr. Rodriguez would be appearing for his deposition on March 28, 2016. Debtors' counsel did not respond to our inquiry.

     Thus, on March 21, 2016, 100 Mile again wrote to Debtors' counsel and asked for confirmation that his "clients will timely produce responsive documents and that Mr. Rodriguez will appear for his noticed deposition." (See Exhibit A.) In addition, in the early afternoon on March 22, 2016, our office left a voicemail for Debtors' counsel asking for confirmation that the Debtors would comply with their discovery obligations. Several hours later, Debtors' counsel responded in writing, stating that Debtors "will not be supplying documents by March 24, 2016 nor submitting to an examination on March 28, 2016." (See Exhibit B.) In addition to making various excuses for Debtors' non-compliance, counsel also took the position that Debtors' are not obligated to respond to discovery demands that were "not prepared pursuant to an Order of the Court." (Id.)

     Our office immediately responded by directing counsel to the applicable Bankruptcy Rules and Federal Rules of Civil Procedure, which authorize the issuance of discovery without a Court order and obligate Debtors to timely respond. (See Exhibit C.) In light of the forthcoming hearing, at which Mr. Rodriguez will certainly be called to testify, 100 Mile insisted on proceeding with the deposition as properly noticed. (Id.) Nevertheless, in an effort to resolve this impasse without the need for judicial intervention, 100 Mile advised Debtors that it would only seek production of two categories of documents in advance of the hearing: (1) a full accounting of the cash generated from the Debtors' properties from December 1, 2015 to the present; and (2) the rent roll for the Debtors' properties from December 1, 2015 to the present. (Id.) Debtors responded to this offer by stating that they disagreed that they were obligated to respond to the discovery requests and that the Court should intervene. (See Exhibit D.)

     The principle issue at the March 31, 2016 hearing will be Debtors' misappropriation of the cash generated from their properties. 100 Mile is entitled to the discovery sought and Debtors have no legitimate basis not to produce responsive documents or to appear for their depositions. The discovery sought by 100 Mile is necessary to ensure the full and fair disclosure of all relevant facts

47702/0046-12938044v1
March 23, 2016

Cole Schotz P.C.

The Honorable Robert D. Drain, U.S.B.J.
March 23, 2016
Page 3

and to streamline 100 Mile's presentation to the Court on the hearing date.  Accordingly, for the reasons set forth above, 100 Mile respectfully requests a conference call to discuss Debtors' illegitimate refusal to respond to discovery.   Given the March 31, 2016 hearing date, 100 Mile respectfully requests that Your Honor schedule the conference call at the Court's earliest convenience.

As always, the Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Leo V. Leyva*

Leo V. Leyva

LVL:mry

cc:   Bruce R. Alter, Esq.
      Ilana Volkov, Esq.
      Michael R. Yellin, Esq.
      100 Mile Fund, LLC

# EXHIBIT A



|  |  |
|---|---|
| | 1325 Avenue of the Americas, 19th Floor |
| | New York, NY 10019-6079 |
| | 212-752-8000   212-752-8393  fax |
| | — |
| | New Jersey |
| | — |
| | Delaware |
| | — |
| | Maryland |
| | — |
| | Texas |

Michael R. Yellin
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201-525-6258
Writer's Direct Fax: 201-678-6258
Writer's E-Mail: myellin@coleschotz.com

March 21, 2016

**Via E-mail (Altergold@aol.com) and First Class Mail**

Bruce R. Alter, Esq.
Alter & Brescia, LLP
550 Mamaroneck Avenue, Suite 401
Harrison, New York 10528

    Re:    **173 Cortlandt Street LLC (Case No. 16-22256); 146-148 Cortlandt Street, LLC (Case No. 16-22255), Dari Realty Corp. (Case No. 16-22250); Biombo, Inc. (Case No. 16-22248); 144 Cortlandt Street, LLC (Case No. 16-22254); Shippy Realty Corporation (Case No. 16-22249); Dashley Corp. (Case No. 16-22253)**

Dear Mr. Alter:

    On March 10, 2016, your clients were served with 100 Mile Fund, LLC's: (1) First Request for the Production of Documents; and (2) Notice of Depositions. On March 17, 2016, you were asked to confirm that your clients would be producing all responsive documents on or before **12:00 p.m. on March 24, 2016**, as noticed, and that Mr. Rodriguez would be appearing for his deposition on **March 28, 2016 at 9:30 a.m.**, at my office located at 1325 Avenue of the Americas, 19th Floor, New York, NY 10019. To date, however, we have not received such confirmation.

    Please immediately confirm that your clients will timely produce responsive documents and that Mr. Rodriguez will appear for his noticed deposition. Absent your prompt confirmation, we will seek immediate judicial intervention without further attempt to resolve this matter. Please be guided accordingly.

                                        Very truly yours,

                                        */s/ Michael R. Yellin*

                                        Michael R. Yellin

cc:    100 Mile Fund, LLC
        Leo V. Leyva, Esq.
        Ilana Volkov

www.coleschotz.com

47702/0046-12934553v1
March 21, 2016

# EXHIBIT B

ALTER & BRESCIA, LLP
ATTORNEYS AT LAW

550 MAMARONECK AVENUE, SUITE 201
HARRISON, NEW YORK 10528

TELEPHONE (914) 670-0030
FACSIMILE (914) 570-0031
E-MAIL: edo@alterbrialaw.com

BRUCE R. ALTER
DANA P. BRESCIA

757 THIRD AVENUE
20TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE (212) 536-0707

PLEASE REPLY TO HARRISON OFFICE

March 22, 2016

Via E-Mail: MYellin@coleschotz.com

Michael R. Yellin, Esq.
Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601

Re:   In Re: Biombo, Inc., Case No. 16-22248(RDD)
      Shippy Realty Corp., Case No. 16-22249(RDD)
      Dari Realty Corp., Case No. 16-22250(RDD)
      Dashley Corporation, Case No. 16-22253(RDD)
      144 Cortlandt St., LLC, Case No. 16-22254(RDD)
      146-148 Cortlandt Street, LLC, Case No. 16-22255(RDD)
      173 Cortlandt Street, LLC, Case No. 16-22256(RDD)

Dear Mr. Yellin:

We have encouraged Mr. Rodriguez, who is the sole representative of the seven (7) Debtor entities to assemble as many of the requested documents as possible in the very short time provided in your request. The process is slower than anticipated and at this juncture there is no physical way that he can comply in any significant way by March 24, 2016.

As you know next week Mr. Rodriguez must deal with IDI's requested by the United States Trustee's Office. He must prepare for and attend the 341 hearings on March 30, 2016 and must address your motion to dismiss on an emergency basis scheduled for hearing on March 31, 2016 with Debtors' Answer being due on March 24, 2016.

Moreover, Mr. Rodriguez has now filed an individual Chapter 11 proceeding, assigned Case No. 16-22348(rdd). His time is being expended in interviewing prospective counsel as well as gathering information needed for the preparation of schedules and statements.

Michael R. Yellin, Esq.
Cole Schotz P.C.
March 22, 2016
Page 2

      Debtors therefore will not be supplying documents by March 24, 2016 nor submitting to an examination on March 28, 2016. Should you wish to discuss a scheduling order, with reasonable time allotted to the Debtors' compliance and/or response to your discovery requests, which were not prepared pursuant to an Order of the Court, we will be happy to accommodate. Alternatively, if you wish to conduct discovery prior to the return date of your motion, you are free to adjourn the matter to an agreeable date to enable discovery to be conducted.

      Rest assured that should the motion be adjourned, the April 2016 payment will be made to your client in accordance with the Loan Documents and prior practice between the parties.

      Finally, any decision which Mr. Rodriguez makes with respect to discovery, absent a court order, will require the approval of his own attorney.

      Very truly yours,
      Alter & Brescia, LLP

By: /s/ Bruce R. Alter
     Bruce R. Alter

# EXHIBIT C



1325 Avenue of the Americas, 19th Floor
New York, NY 10019-6079
212-752-8000    212-752-8393  fax

—
New Jersey
—
Delaware
—
Maryland
—
Texas

Michael R. Yellin
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201-525-6258
Writer's Direct Fax: 201-678-6258
Writer's E-Mail: myellin@coleschotz.com

March 22, 2016

**Via E-mail (Altergold@aol.com) and First Class Mail**

Bruce R. Alter, Esq.
Alter & Brescia, LLP
550 Mamaroneck Avenue, Suite 401
Harrison, New York 10528

      Re:    **173 Cortlandt Street LLC (Case No. 16-22256); 146-148 Cortlandt Street, LLC (Case No. 16-22255), Dari Realty Corp. (Case No. 16-22250); Biombo, Inc. (Case No. 16-22248); 144 Cortlandt Street, LLC (Case No. 16-22254); Shippy Realty Corporation (Case No. 16-22249); Dashley Corp. (Case No. 16-22253)**

Dear Mr. Alter:

      We are in receipt of your March 22, 2016 letter, which confirms Debtors' intent to flagrantly disregard their discovery obligations.

      100 Mile Fund, LLC ("100 Mile") rejects entirely your contention that Debtors need not comply with properly issued discovery demands absent a Court Order.  Pursuant to Rule 9014 and Part VII of the Bankruptcy Rules, the Federal Rules of Civil Procedure concerning depositions (Rule 30) and document demands (Rule 34) apply to this contested matter.  Neither of those Rules requires a Court order to conduct discovery.  100 Mile's Notice of Depositions and Request for the Production of Documents were properly served and Debtors are obligated to timely respond.  If Debtors persist with their refusal to produce documents or appear for their noticed depositions, 100 Mile will immediately bring your clients' contempt of the Rules to the Court's attention.

      Moreover, your suggestion that Mr. Rodriguez cannot comply with 100 Mile's discovery demands without the approval of his personal counsel is also without merit.  100 Mile's discovery was not directed to Mr. Rodriguez personally.  Rather, both 100 Mile's Notice of Depositions and Request for the Production of Documents were directed to Debtors.  Any response or testimony given by Mr. Rodriguez will be in his capacity as the corporate representative of the Debtors, not in his individual capacity.

www.coleschotz.com

47702/0046-12938430v1
March 22, 2016

Cole Schotz P.C.

Bruce R. Alter, Esq.
March 22, 2016
Page 2

    Debtors' "excuses" as to why they cannot respond to 100 Mile's discovery requests are unfounded.  Debtors have been in receipt of the discovery requests for nearly two weeks and did not timely raise any of these issues.  Nevertheless, in an effort to avoid burdening the Court with this discovery dispute, if Debtors provide 100 Mile with: (1) a full accounting of all monies generated from the Debtors' properties from December 1, 2015 to the present (all of which belongs to 100 Mile pursuant to its absolute Assignment of Leases and Rents); and (2) the rent roll for the Debtors' properties from December 1, 2015 to the present, 100 Mile will adjourn Debtors' obligation to respond to the balance of the document requests until after the March 31, 2016 hearing date.  <u>Under no circumstances, however, will 100 Mile adjourn the hearing date or Debtors' noticed depositions.</u>

    Please confirm that Debtors will comply with the 100 Mile's deposition notice and document request, as modified by this letter.  If we do not hear from you by 12:00 p.m. tomorrow, March 23, 2016, we will seek immediate judicial intervention without further attempt to resolve this matter.

    100 Mile continues to reserve all rights and remedies.  Please be guided accordingly.

    Very truly yours,

    */s/ Michael R. Yellin*

    Michael R. Yellin

cc:    100 Mile Fund, LLC
        Leo V. Leyva, Esq.
        Ilana Volkov

# EXHIBIT D

ALTER & BRESCIA, LLP
ATTORNEYS AT LAW
550 MAMARONECK AVENUE, SUITE 401
HARRISON, NEW YORK 10528

TELEPHONE (914) 670-0030
FACSIMILE: (914) 670-0031
E-MAIL: info@altergoldlaw.com

BRUCE R. ALTER
DANA P. BRESCIA

767 THIRD AVENUE
30TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE (212) 338-0707

PLEASE REPLY TO HARRISON OFFICE

March 23, 2016

Via E-Mail: MYellin@coleschotz.com

Michael R. Yellin, Esq.
Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601

Re: In Re: Biombo, Inc., Case No. 16-22248(RDD)
Shippy Realty Corp., Case No. 16-22249(RDD)
Dari Realty Corp., Case No. 16-22250(RDD)
Dashley Corporation, Case No. 16-22253(RDD)
144 Cortlandt St., LLC, Case No. 16-22254(RDD)
146-148 Cortlandt Street, LLC, Case No. 16-22255(RDD)
173 Cortlandt Street, LLC, Case No. 16-22256(RDD)

Dear Mr. Yellin:

While we disagree with your legal conclusions with respect to your right to discovery, we do agree that judicial intervention is appropriate.

We feel that Judge Drain should be consulted as to your right to discovery prior to the hearing date of your 1112(b) motion and with respect to the scope and timing of said discovery.

Very truly yours,
Alter & Brescia, LLP

By: /s/ Bruce R. Alter
Bruce R. Alter